IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA HITZ,<br>    Plaintiff | :<br>: DOCKET NO.:<br>: |
| v. | : CIVIL ACTION LAW<br>: |
| FRESH EXPRESS<br>INCORPORATED,<br>    Defendant | :<br>:<br>: JURY TRIAL DEMANDED<br>: |

## **COMPLAINT**

NOW COMES, Plaintiff, Angela Hitz, by and through her attorney, Peggy M. Morcom, Esquire and Buzgon Davis Law Offices, and hereby files this Complaint alleging violations of the Family Medical Leave Act of 1993, 29 U.S.C.A. § 2601, et seq., amended 2009, the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Pennsylvania Human Relations Act, 43 P.S. § 954, arising out of her employment with Fresh Express Incorporated, and avers as follows:

### **JURISDICTION AND VENUE**

1.      Jurisdiction in appropriate in this Court under 28 U.S.C § 1331 and 1367.

2.      Venue is proper because all parties reside or do business in this jurisdiction and all unlawful employment practices complained of occurred in this District.

1

3.    Plaintiff, Angela Hitz (hereinafter "Ms. Hitz"), filed a Complaint with the Pennsylvania Humans Relations Commission on June 4, 2019.

## PARTIES

4.    Plaintiff, Angela Hitz resides at 19 Briar Road, Lebanon, Pennsylvania 17042.

5.    Fresh Express Incorporated ("Fresh Express") is a Pennsylvania corporation under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 7505 Grayson Road, Harrisburg, Pennsylvania, 17111.

6.    Ms. Hitz was hired by Fresh Express on October, 11, 2017 in the position of Customer Service Planner.

7.    Ms. Hitz's direct supervisor was Monique Termin.  Kathi Burns also managed Ms. Hitz.

8.    Julie Jones was the Human Resources Representative for Fresh Express at the Harrisburg location during Ms. Hitz's employment.

9.    Ms. Hitz was at all times qualified for the position of Customer Service Planner, and received excellent evaluations, which resulted in increases in pay and other benefits, such as special dinners out of the office.

10.     In December 2018, Ms. Hitz, along with other Customer Service Planners, were celebrated for their hard work after substantial overtime in November 2018 with a dinner at Devon Seafood hosted by Kathi Burns.

11.     Fresh Express is an employer under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, and employs in excess of 100 employees.

## COUNT I
## Violations of the Americans with Disabilities Act

12.     Plaintiff incorporates Paragraphs 1 through 11 by reference, as though fully set forth herein.

13.     Ms. Hitz was diagnosed with occipital neuralgia in or about 2012. Ms. Termin and Ms. Burns were aware of Ms. Hitz's medical condition.

14.     Occipital neuralgia is a condition in which occipital nerves are inflamed or injured. Patients diagnosed with occipital neuralgia experience intense pain that is sharp, jabbing, electric shock in the back of the head and neck, and can include aching, burning and throbbing pain that typically starts at the base of the head and goes to the scalp, pain on one or both sides of the head, pain behind the eyes, sensitivity to light, tender scalp, pain with movement of neck. Occipital neuralgia occurs when pressure or irritation

to the occipital nerves are injured, entrapped, or inflamed. This condition is treated with Prednisone and rest.

15.     Occipital neuralgia and trigeminal neuralgia pain is similar to a migraine.

16.     Occipital neuralgia is a disability under the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

17.     Ms. Hitz missed time from work as a result of her occipital neuralgia.

18.     In or about November 2018, a meeting was conducted by Ms. Termin/Burns advising the Customer Service Representative, including Ms. Hitz that no two employees can be off work on the same day. Kathy Burns advised employees that effective 1/1/19 she would apply the current attendance policy, because she did not comply with it previously.

19.     As of Ms. Hitz's date of hire, attendance records, maintained by Kathi Burns, were incorrect.

20.     During this time, there was an issue involving the tracking of vacation time within Fresh Express' electronic system.  As of January 2019, the vacation tracking issue was not corrected.

21.     On January 8, 2019, Ms. Hitz departed work at 2:30pm, as a result of occipital neuralgia symptoms. Ms. Hitz reported off work on January 9, 10, and 11, 2019 (Wednesday, Thursday, and Friday), as a result of occipital neuralgia symptoms.

22.    Ms. Hitz reported to work on January 14, 2019 (Monday), her next scheduled workday, and provided a doctor's note to Ms. Termin.

23.    On January 14, 2019, Ms. Hitz was called to a meeting with Ms. Termin, Ms. Burns, Ms. Jones and Ms. Ranuka (corporate office human resources), at which time her employment was terminated, alleging performance issues.

24.    Ms. Hitz did not have prior discipline related to performance or attendance.

25.    Ms. Hitz was never placed on a performance improvement plan.

26.    Ms. Hitz was known to be the "strongest Customer Service Planner".

27.    In 2018, Ms. Hitz was absent eight (8) days, and arrived late or left early (afternoon departure) on five (5) occasions related to her disability.

28.    Ms. Hitz also underwent surgery in 2018, and was absent eight (8) days.

29.    Ms. Hitz also was diagnosed with kidney stones in October 2018, which is a chronic condition. She was absent three days, for her kidney stones.

30.    Fresh Express maintains a Paid Time Off (PTO) Policy that provides employees become eligible for PTO on the 1st of January each year.  Based upon Ms. Hitz's years of service, she accrued 14 days of PTO per year.

31.    Fresh Express maintains an Attendance Policy which defines excused absences as,

a.   Employee provides sufficient notice to the direct supervisor;

b.   Reason is found credible or acceptable by the direct supervisor;

c.   Absence request is approved by the direct supervisor; and

d.   Employee has sufficient accrued (PTO) to cover the absence.

32.   The Attendance Policy defines excused absences due to illness or injury as, with a physician statement verifying the following:

a.   Nature of illness;

b.   When the employee will be able to return to work;

c.   Whether the employee is capable of performing their regularly scheduled duties; and

d.   What duties the employee is capable of performing.

33.   Ms. Hitz complied with Fresh Express' PTO Policy and Attendance Policy.

34.   The Attendance Policy provides for progressive discipline for unexcused absences. Ms. Hitz was never disciplined for absences, other than termination on January 14, 2019.

35.   At no time did Fresh Express engage in the interactive process with Ms. Hitz, but instead terminated her employment.

36.   Intermittent leave, leave of absence or modifications to an attendance policy can be considered reasonable accommodation.

37.    Fresh Express failed to provide Ms. Hitz a reasonable accommodation.

38.    Fresh Express did not suffer an undue hardship when Ms. Hitz was absent due to her medical condition.

39.    As a direct and proximate result of the above-described actions, Ms. Hitz suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, loss of benefits, loss of retirement benefits.

40.    As a direct and proximate result of the above-described conduct, Ms. Hitz suffered professional injuries including, but not limited to, her professional reputation, professional development and loss of potential promotions, loss of pension and retirement benefits.

## **COUNT 2 - Violation of the Family Medical Leave Act**

41.    Paragraphs 1 through 40 of the Complaint are incorporated by reference as though fully set forth herein.

42.    Ms. Hitz was employed by Fresh Express for at least 12 months during the 12 month period immediately preceding the need for intermittent family medical leave.

43.    Ms. Hitz worked at least 1,250 hours during the 12 month period immediately preceding the need for intermittent FMLA leave.

44.   Fresh Express employs 50 or more employees during the requisite period of time and is an employer under the Family Medical Leave Act.

45.   Ms. Hitz was entitled to 12 weeks of unpaid leave per year for her own serious health condition.

46.   Ms. Hitz suffers from a serious health condition (Occipital neuralgia), and Fresh Express knew of her disability and/or perceived Ms. Hitz as suffering from a disability.

47.   Ms. Hitz was and is entitled to take her 12 weeks of FMLA leave intermittently.

48.   Fresh Express failed to provide Ms. Hitz of notice of rights under the Family Medical Leave Act.

49.   As a result of Fresh Express failing to provide Ms. Hitz notice of rights under the Family Medical Leave Act, Ms. Hitz was not aware that she was eligible for intermitted Family Medical Leave for up to 12 weeks per year, and Fresh Express did not provide Ms. Hitz the opportunity to provide a medical provider certification of her serious health condition and need for intermittent family medical leave.

50.   As a direct and/or proximate result of the above-described omissions by Fresh Express, Ms. Hitz suffered financial injury, including but not limited to loss of past earnings and future loss of earnings.

51. As a direct and/or proximate result of the above-described omissions of Fresh Express, Ms. Hitz suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety and embarrassment.

52. As a direct and/or proximate result of the above-described omissions of Fresh Express, Ms. Hitz suffered professional injuries, including but not limited to her professional reputation, professional development, loss of increase in salary, and loss of potential promotions.

53. Fresh Express' conduct or that of its management, as set forth above was intentional and willful.

54. Fresh Express' conduct or that of its management as set forth above entitles Ms. Hitz to the recovery of punitive damages.

**COUNT 3**
**Violations of Pennsylvania Human Relations Act (Disability Discrimination)**

55. Plaintiff incorporates Paragraphs 1 through 54 by reference, as though fully set forth herein.

56. As a direct and/or proximate result of the above-described acts and omissions, Ms. Hitz suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, anxiety, depression, and embarrassment.

57.   As a direct and/or proximate result of the above-described acts and omissions, Ms. Hitz suffered financial injury, including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits, and loss of full retirement.

58.   As a direct and/or proximate result of the above-described acts and omissions, Ms. Hitz suffered professional injuries, including but not limited to her professional development, loss of potential promotions, loss of earning capacity, damage to her professional reputation and loss of retirement benefits.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Hitz, respectfully requests this Honorable Court to enter Judgement in her favor and against Defendant for damages in an amount in excess of $75,000.00, plus interests and costs of suit as well as the following:

(a)   Exercise jurisdiction over this matter;

(b)   Order Defendant to reimburse Plaintiff for all salary and benefits lost by her as a result of Defendant's actions, in an amount in excess of $75,000.00, including by not limited to front pay, back pay, and compensatory damages;

(c)   Award Plaintiff punitive damages;

(d)   Award Plaintiff all costs of this action, including reasonable attorney's fees;

(e)   Grant Plaintiff such other and further relief as this court deems just proper and equitable.

Respectfully Submitted,

s/Peggy Morcom
Peggy M. Morcom, Esquire
Atty. ID No.: 92463
Buzgon Davis Law Offices
46 E. Main Street
Palmyra, PA 17078
Direct:  (717) 838-1939
Facsimile:  (717)838-3047
morcom@buzgondavis.com
Counsel for Plaintiff

Date: 6/26/2020

# **VERIFICATION**

The undersigned hereby verifies that the statements in the foregoing document are based upon information which has been furnished to counsel by me and information which has been gathered by counsel in the preparation of this lawsuit. The language of the foregoing document is that of counsel and not my own. I have read the foregoing document and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, I have relied upon my counsel in making this verification. The undersigned also understands that the statements therein are made subject to the penalties of 18 Pa.C.S §4904 relating to unsworn falsification to authorities.

Angela Hitz

Date: _6/29/20_